IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERT CURTIS MILLS, #173-446, | * | |
|     Plaintiff | | |
| | * | |
| v. | | Civil Action No.: DKC-02-2484 |
| | * | |
| THOMAS CORCORAN, WARDEN, et al., | | |
|     Defendants | * | |

****** 

## MEMORANDUM

Alleging that his right to access the courts was violated when his outgoing legal mail was required to be delivered to prison officials unsealed, Plaintiff filed this 42 U.S.C. § 1983 civil rights action, seeking monetary damages. Paper No. 1.

Currently pending before the court are Defendants' Motions to Dismiss, or in the alternative, Motions for Summary Judgment. Paper Nos. 18 and 27. Plaintiff has filed an opposition thereto. Paper No. 29. The case is now ready for the court's consideration. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004).

According to Plaintiff, on March 9, 2000, Warden Corcoran issued a memorandum regarding a new mail policy that required all outgoing inmate mail be submitted to the mail room unsealed.[1] Paper No. 1. On March 13, 2000, Officer Stielper refused to accept Plaintiff's sealed outgoing mail. Plaintiff states that as a result of actions by Defendants, *Mills v. Inmate Grievance Office*, Case No. 24-C-00-000489, and *Mills v. Inmate Greivace Office*, Case No. 24-C-00-000147 were dismissed by the Circuit Court

---

[1] This mail policy was the subject of litigation in *Mills, et al., v. Corcoran, et al.,* Civil Action No. DKC-00-746 (D. Md. 2000). The undersigned in that case held that Defendants, Division of Corrections employees, were entitled to qualified immunity as to all monetary claims.

for Baltimore City, after the court did not receive Plaintiff's motions and memoranda. Plaintiff alleges that he submitted the motions and memoranda to the mail room but they were not delivered to the court.

It is well established that a defendant moving for summary judgment bears the burden of showing: (1) the absence of any genuine issue of material fact; and (2) that defendant is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). One of the purposes of Fed. R.Civ. P. 56 is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Fed. R. Civ. P. 56(c). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof then the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett,* 477 U.S. at 323. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 475 U.S. 574, 586 (1986), "[a] mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely." *Barwick*, 736 F.2d at 958-59 (*quoting Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966)). Moreover, only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Assuming, arguendo, that the MCAC mail policy was the cause for Plaintiff's lost papers and that his right to access the courts was infringed by the policy,[2] Plaintiff's claim nonetheless fails because Defendants are entitled to qualified immunity concerning the implementation of the former MCAC mail policy.

"[Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). "In determining whether a government official is entitled to qualified immunity, 'we must (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable official] would have understood that the conduct at issue violated the clearly established right.'" *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir.2000) (quoting *S. P. v. City of Tacoma Park*, 134 F.3d 260, 265 (4th Cir. 1998)); *see also Vathekan v. Prince George's County*, 154 F.3d 173, 179 (4th Cir. 1998).

In determining whether the right claimed to be violated is clearly established "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U. S. 635, 641 (1987). "[A]lthough the exact conduct at issue need not have been held to be unlawful in order for the law governing an officer's actions to be clearly established, the existing authority must be such that the unlawfulness of the conduct is manifest." *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998). "If there exists a 'legitimate question' as to whether particular

---

[2]Plaintiff was unable to prove this claim in *Mills v. Corcoran*, Civil Action No. DKC-00-746 (D. Md. 2000).

conduct violates a particular right then the right is not clearly established and qualified immunity applies."

*Korb v. Lehman,* 919 F.2d 243, 247 (4th Cir. 1990).

As the undersigned previously held,

> In this Circuit, once qualified immunity is raised as a defense, the burden is on the plaintiff to show that the defendant's conduct violated clearly established law. *Bryant v. Muth*, 994 F.2d 1082, 1086 (4th Cir. 1993), *cert. denied*, 510 U.S. 996 (1993).
>
> There are two steps in the qualified immunity analysis. The court must first determine "whether the plaintiff has alleged the deprivation of an actual constitutional violation at all," before then determining "whether that right was clearly established at the time of the alleged violation." *Wilson*, 526 U.S. at 609 (*quoting Conn v. Gabbert*, 526 U.S. 286, 290 (1999)); *see also Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Milstead v. Kibler*, 243 F.3d 157, 161-62 (4th Cir. 2001), *cert. denied*, 534 U.S. 888 (2001). Here, Plaintiffs have established sufficiently the likelihood that the outgoing mail policy caused a deprivation of constitutional rights. In determining whether the specific right allegedly violated was "clearly established," the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged. *Anderson*, 483 U.S. at 639-40; *Tarantino v. Baker*, 825 F.2d 772, 774-75 (4th Cir. 1987). The analysis of whether the right at issue was clearly established "must proceed at a high level of particularity." *Knussman v. State of Maryland*, 272 F.3d 625, 638 (4th Cir. 2001); *quoting Edwards v. City of Goldsboro*, 178 F.3d 231, 250-51 (4th Cir. 1999). In addition, the determination whether a reasonable person in Defendant's position would have known that the policy would violate Plaintiff's rights must be made on the basis of information actually possessed by the official at the critical time, *Anderson*, 483 U.S. at 641, or that was then reasonably available to him, *Harlow*, 457 U.S. at 815; *Sevigny v. Dicksey*, 846 F.2d 953, 957 n. 5 (4th Cir. 1988) and in light of any exigencies of time and circumstance that reasonably may have affected the officer's perceptions. *See Malley v. Briggs*, 475 U.S. 35, 350 (1986)(Powell, J., concurring in part and dissenting in part).
>
> Plaintiffs here assert a right not to have their outgoing legal mail inspected and sealed except in their presence. No such right was clearly established under pre-existing law, either as part of the Sixth Amendment right to counsel or a right of access to courts. No court has ruled that a policy similar to Defendants is unconstitutional....Plaintiffs have not shown that the right they assert was clearly established at the time of the adoption of the policy. Defendants are entitled to qualified immunity as to all claims for monetary damages.

*Mills v. Corcoran*, Civil Action No. DKC-00-746 (D. Md.), Paper No. 105, p. 17-19.

Likewise, Plaintiff's claim fails here.  Plaintiff challenges, albeit in a more round- about way, the exact outgoing mail policy as he challenged in *Mills v. Corcoran*, Civil Action No. DKC-00-746 (D. Md.),  a policy that by consent has now been rescinded.  Plaintiff claims that due to the implementation of the former MCAC mail policy, legal documents concerning his inmate grievances were not delivered to the court.  Given the state of the law at the time of the implementation of the policy and the resultant loss of Plaintiff's papers, Defendants could not have reasonably known that the enactment and enforcement of the MCAC outgoing legal mail policy violated Plaintiff's constitutional rights.[3]  For the foregoing reasons Defendants' Motions shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff.  A separate order follows.

/s/
DEBORAH K. CHASANOW
United States District Judge

April 22, 2005

---

[3] Any claim by Plaintiff that Defendants intentionally lost/destroyed his paperwork is bald and conclusory.